UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFRAN RAFAEL VARGAS SIVIRA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; PAMELA BONDI, Attorney General of the United States; and Warden, California City Detention Center,<br><br>Respondents.[1] | No. 1:25-cv-01987-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Docs. 1, 13 |

Petitioner Wilfran Rafael Vargas Sivira is an immigration detainee proceeding with a petition for writ of habeas corpus. Doc. 1. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

---

[1] When a habeas petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Petitioner is currently detained at California City Detention Facility. *See* Doc. 1 at ¶ 9. The Court "may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a)." *Jones v. Schwarzennegger*, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008); *see also Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993) ("[D]ismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court. Instead, district courts may order the joinder of such parties pursuant to Fed. R. Civ. P. 19(a)."). The Court therefore joins the Warden of the California City Detention Center as a respondent in this action.

1

1    On January 28, 2026, the assigned magistrate judge issued findings and recommendations
2    recommending that the petition for writ of habeas corpus be granted, that respondents be directed
3    to immediately release petitioner from custody with the same conditions he was subject to
4    immediately prior to his detention on October 22, 2025, and that respondents be enjoined and
5    restrained from re-detaining petitioner unless respondents demonstrate, by clear and convincing
6    evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a
7    flight risk or danger to the community such that his physical custody is legally justified.  Doc. 13.
8    The findings and recommendations were served on the parties and contained notice that any
9    objections to the findings and recommendations were to be filed within fourteen days of service.
10   *Id.* at 9.

11   On January 20, 2026, respondents filed a two-sentence objection to the findings and
12   recommendations, stating that they "incorporate their previously-filed briefing" and that they
13   "submit on those arguments and do not wish to file any additional briefing."  Doc. 14.[2]

14   In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of
15   this case.  Having carefully reviewed the file, the Court concludes that the findings and
16   recommendations are supported by the record and proper analysis.

17   Accordingly,

18   1.   The findings and recommendations issued on January 28, 2026, Doc. 13, are
19        ADOPTED IN FULL;
20   2.   The petition for writ of habeas corpus is GRANTED;
21   3.   Respondents are ORDERED to release petitioner immediately with the same
22        conditions he was subject to immediately prior to his detention on October 22,
23        2025;
24   4.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner
25        unless they demonstrate, by clear and convincing evidence at a pre-deprivation
26        bond hearing before a neutral decisionmaker, that petitioner is a flight risk or

---

[2] Respondents did not make any new arguments or address any specific portion of the findings and recommendations in their objections.  *See* Doc. 14.

danger to the community such that his physical custody is legally justified; and

    5.    The Clerk of Court is directed to enter judgment for petitioner and close the case.

IT IS SO ORDERED.

Dated:  February 2, 2026

_____
UNITED STATES DISTRICT JUDGE

3